**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                      No. 96-4011

JULIANNE MALVEAUX,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-95-360)

Submitted: December 26, 1996

Decided: January 29, 1997

Before NIEMEYER and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Leonard E. Birdsong, Stephanie Cobb Williams, Despina Tahmin,
CHAVERS & BIRDSONG, CHARTERED, Washington, D.C., for
Appellant. Helen F. Fahey, United States Attorney, LeDora Knight,
Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Julianne Malveaux appeals from the judgment order of the district court finding her guilty of assaulting an airline attendant during a flight, in violation of 49 U.S.C. § 46506 (1994) and 18 U.S.C. § 113(a)(4) (1994). Initially, Malveaux contends that the district court erred by denying her motion for acquittal because the evidence was insufficient to support her conviction. Because Malveaux made this motion at the close of the Government's case, but did not renew it at the close of her case, we need only consider whether Malveaux's conviction resulted in a manifest miscarriage of justice. See United States v. Vaquero, 997 F.2d 78, 82 (5th Cir. 1993).

The evidence in this case, however, firmly supported the district court's finding of guilt. The pertinent statute proscribes assault by striking, beating, or wounding. The statute has been construed by courts to be akin to a common law simple battery, requiring physical contact. See United States v. Guilbert, 692 F.2d 1340, 1344 (11th Cir. 1982); United States v. Iron Shell, 633 F.2d 77, 88 (8th Cir. 1980). Several witnesses testified that Malveaux grabbed and shook the victim in this case. In fact, Malveaux conceded that she grabbed the victim, but claimed that her actions were defensive. Accordingly, we conclude that there was ample evidence of sufficient physical contact in this case to support Malveaux's conviction.

Malveaux also contends that the district court erred by denying her motion to dismiss this case as a vindictive prosecution, and by denying her motion for discovery of Government files containing information which might have supported a selective prosecution claim. We disagree. While Malveaux's brief implies that the Government's decision to bring federal charges following the dismissal of a state battery charge against her is suspicious in view of her work as a civil rights advocate and past criticisms of law enforcement agencies, there is no

2

dispute that the state charges were dropped for lack of jurisdiction. Thus, there is no basis for concluding that the Government preferred, as Malveaux also implies, to prosecute her in federal court in order to subject her to more stringent penalties. Moreover, we note that Malveaux faced similar penalties whether convicted in state or federal court.

We also conclude that the district court properly denied Malveaux's motion for discovery because she failed to produce any evidence tending to prove that her prosecution had a discriminatory effect. See United States v. Olvis, 97 F.3d 739, 743 (4th Cir. 1996). She pointed to no similarly situated persons of a different race whose actions did not result in prosecution, but merely sought discovery based on counsel's belief, from a review of other assault cases, that a large number of the defendants in those cases were minorities. This was plainly insufficient to meet the "rigorous" evidentiary threshold for obtaining discovery to support a selective prosecution claim. Id.

Finally, we reject Malveaux's contention that the Government went outside the scope of rebuttal in submitting evidence to rebut her character evidence intended to show that she was not a combative person. The Government's evidence related to Malveaux's prior altercations with two men. The rebuttal evidence tended to show that Malveaux pushed an elderly man to the ground after he was involved in a minor traffic accident with Malveaux, and that she verbally berated another man who mistakenly came to the door of her home believing it to be the home of a friend who lived two doors down from her in a complex of townhouses apparently having a similar appearance. As this evidence clearly tends to rebut the claim that Malveaux is a noncombative person, we find no error.

Accordingly, the judgment order of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3